GEORGE N. BURDICK, Administrator, *vs*. NOYES F. KENYON *et al.*

·WASHINGTON—APRIL 30, 1898.

PRESENT : Stiness, Tillinghast, and Rogers, JJ.

A replication averring a promise to one person, while the declaration avers a promise to another, is clearly a departure in pleading, and the rules of pleading have made no exception in the case of a representative plaintiff, although such an exception would seem to be both reasonable and just.

It is also a well-settled rule that when one takes issue upon a replication or rejoinder containing a departure,. and it is found against him, the court will not arrest the judgment. The verdict cures the fault.

If no exception be taken to the ruling of a court, objections to such ruling must be regarded as waived.

ASSUMPSIT. Heard upon defendant's petition for a new trial.

STINESS, J. The plaintiff sued as administrator *c. t. a.* of Robert N. Langworthy, upon a promissory note given December 21, 1887, by the defendants Kenyon and Chapman, as principal and surety, averring ·promises to the testator, and the defendants pleaded the statute of limitations. The plaintiff replied by averring a promise within six years to *himself.* The defendants joined issue, and the case went to the jury, resulting in a verdict for the plaintiff. The defendants move

for a new trial upon the ground that the replication was a departure from the declaration, as stated above, and also upon the ground that the verdict was against the evidence.

A replication which avers a promise to one person, while the declaration avers a promise to another, is clearly a departure in pleading. And the rules of pleading have made no exception in the case of a representative plaintiff, who stands in the place of, and who for all legal purposes is a continuation of, the original promisee, although such an exception would seem to be both reasonable and just. The text-books agree that where an executor sues in *assumpsit* upon promises to the testator, to which the statute of limitations is pleaded and the reply is a subsequent promise *to himself*, the replication is a departure and bad. 1 Chit. Pl. *675 ; Steph. Pl. *410; Gould Pl. Chap. VIII, § 67.

The defendants filed a demurrer to the declaration, but the record does not show that it was passed upon, and, even if it was, no exception having been taken, objections to the rulings must be regarded as waived.

Another rule, also well settled, is that when a party takes issue upon a replication or rejoinder containing a departure, and it is found against him, the court will not arrest the judgment. The verdict cures the fault. 1 Chit. Pl. *679 ; Gould. Pl. Chap. VIII, § 79.

In *Irons* v. *Field*, 9 R. I. 216, and *Municipal Court* v. *Corcoran*, 12 R. I. 63, upon declarations which would have been bad on demurrer, judgment was entered after verdict, upon the presumption that everything was proved, even if not alleged, which was necessary to support the verdict.

The case of *Beard* v. *Hand*, 88 Ind. 183, was quite like the one before us, in which the court said : "If a defendant go to trial without objection to a reply, he waives objection thereto, on the ground of departure. The objection cannot be made after verdict." The appellant then petitioned for a rehearing on the ground that the record showed that a demurrer to the replication had been filed, although it did not show a decision upon it. The court denied the petition for a rehearing, saying : "We cannot presume, because a demur-

rer appears on the record, that there was a ruling upon it, and that it was decided against a certain party, and that he at the time excepted to the ruling. We must presume that the action of the court was right, unless the contrary appears by the record."

In *Kannaugh* v. *Quarlette Mining Co.*, 16 Col. 341, the court said : " If it be conceded that the replication is a departure from the cause of action as pleaded in the complaint, this could only have been taken advantage of by demurrer, motion, or otherwise, before trial. If this had been done, the complaint might have been amended and the omission supplied. It was not done. By voluntarily going to trial with the pleadings as they were, the defendant must be held to have waived such objections. This is true at common law as well as under the code."

We are of opinion that the petition for a new trial, upon the ground that there was a departure in pleading, must be denied.

This being so, and the pleadings being treated as though they had been regular, the evidence is sufficient to sustain the verdict, and the second ground must also be denied.

Petition dismissed, and case remitted to the Common Pleas Division for further proceedings.

*Albert B. Crafts*, for plaintiff.

*John W. Sweeney*, for defendant.