DORIS C. SMITH *vs.* CHARLES T. SMITH.

DECEMBER 8, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This case was tried in the superior court on a wife's petition for an absolute divorce and on her husband's answer in the nature of a cross petition for a separation from bed and board. The wife's petition is on the ground of extreme cruelty while that of the husband is on the grounds of adultery and gross misbehavior. After an extended hearing, the trial justice denied her petition and granted the husband's cross petition on the ground of

gross misbehavior and wickedness repugnant to and in violation of the marriage covenant. The case is here on the wife's exceptions to that decision and to certain rulings during the trial.

The bill of exceptions contains twenty-three numbered exceptions which are not as clearly and separately stated with reference to the particular questions and rulings involved as is intended by the holdings in *Blake* v. *Atlantic National Bank*, 33 R. I. 109, and *Dunn Worsted Mills* v. *Allendale Worsted Mills*, 33 R. I. 115. However, it happens to be possible in the circumstances to reasonably identify the four exceptions relied on and we shall consider them, all others having been expressly waived in petitioner's brief and argument.

Exception numbered 2 is to the allowance of a question in cross-examination dealing generally with petitioner's alleged intent not to have any more children. The petitioner argues that this fact was irrelevant, not in issue, and that it was improper because it was not cross-examination based on any direct testimony. The transcript, however, shows that it was related to certain direct testimony of petitioner and in the circumstances was within the reasonable bounds of cross-examination. In any event the substance of such testimony was elsewhere admitted in evidence without objection and the error, if any, was harmless. This exception is overruled.

Exception 10 in the bill of exceptions and brief purports to have been taken to a ruling striking out certain *testimony*. An examination of the transcript where that exception appears shows that the ruling complained of merely struck out a gratuitous comment made by petitioner's attorney to respondent while the latter was being cross-examined. Such a remark was improper and could have no possible validity as proof of any fact. The ruling that struck it out is not erroneous and this exception is overruled.

Exception 6 is treated in petitioner's brief and argument

as if it covered several previous questions. Actually it is confined in the record to a particular question as follows: "The Court: No contraceptives were used? The Witness: No at that time * * *. The Court: Answer yes or no. Mr. Golemba: Exception. * * * The Witness: Yes."

In view of the manner in which all the exceptions are treated together by petitioner, it is difficult to determine what particular argument is relied on to support the sixth exception. Such a method of briefing is not satisfactory in dealing with several exceptions involving different possible applications. However, it is claimed· here that the trial justice had determined and stated that the use of contraceptives was a breach of the marriage covenant and that this caused him to misconceive and misapply the law. Actually there is no such conclusion on page 296 of the transcript. The question as above quoted is one of several asked by the court to clarify certain testimony concerning the intimate relationship of the parties which was gone into by questions of both counsel without objection. In the circumstances the inquiry was not irrelevant to the general subject matter and was not prejudicial, as contended by petitioner. Since the trial justice was not stating a proposition of law or otherwise ruling on any question or issue, petitioner's contention is not convincing and this exception is overruled.

The final exception relied on is numbered 23 and is to the decision denying the wife's petition and granting the husband's cross petition. In this connection petitioner contends in substance that the trial justice misconceived the law and misapplied the evidence. In the decision there is an express finding by the trial justice that petitioner's testimony in respect to the husband's alleged extreme cruelty was not entitled to credence and that it was not sufficient to establish the ground upon which her petition was based. In our opinion the trial justice did not *assume* certain facts concerning her conduct as argued by petitioner, but he dis-

cussed specific evidence in several material instances which led him to conclude that the testimony of petitioner and of another witness upon whom she relied were not to be accepted. On the other hand he believed the testimony concerning these instances as given by the husband and by his witnesses so far as the facts were subject to corroboration.

He further pointed out that the denials of certain incidents and conduct between petitioner and a male companion as shown by the evidence were not credible and that a consideration of all the testimony led to only one reasonable inference, namely, that her conduct had the character of licentiousness allying it in its moral attributes with adultery. In this respect it is clear that the trial justice did not misconceive the law as to the ground upon which the cross petition was granted. See *Carpenter* v. *Carpenter*, 75 R. I. 310, and *Jackson* v. *Jackson*, 70 R. I. 333.

So far as the evidence was concerned, it was clearly conflicting and the decision depended largely on the credibility of the witnesses. From our examination of the transcript the evidence, which was believed by the trial justice, is ample to support his conclusion. In the circumstances we cannot say that his decision was clearly wrong.

All of the petitioner's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

BAKER, J., did not participate in the decision.

*Frank Golemba,* for petitioner.

*Francis E. Little, Jr., Joseph T. Little,* for respondent.