ACME DEVELOPMENT CO. *vs.* BUREAU OF LICENSES *et al.*

DECEMBER 31, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a petition for certiorari to quash the record of the bureau of licenses of the city of Providence

granting an application for a license to operate a junk shop on premises located at 934-942 Eddy street in that city. Pursuant to the writ the pertinent records of the hearing and decision have been certified to this court by the respondent bureau.

The authority of the bureau to license those engaged in the operation of junk shops is conferred upon it by general laws 1938, chapter 398, §1. This authority, however, is subject to the provisions of §2 of said chapter, which reads as follows:

"No license shall be granted under this chapter to the keeper of any shop or storehouse for the reception of any junk, old metals, or other second-hand articles, in any location not occupied for such purpose at the time of the application for such license, where the owners or occupants of the greater part of the land within 200 feet of such building or place shall file with the board, town council, or city council, respectively, having jurisdiction to grant licenses, their objection to the granting of such license."

An examination of the record reveals that Mike Lubin was granted a license by the bureau on May 7, 1956 under which he was permitted to operate a junk shop on premises located at 946 Eddy street. By its terms this license would expire on May 1, 1957. On November 26, 1956 the petitioner informed the bureau in writing that Lubin was conducting his junk business on premises other than those for which the above license was issued. At the time of that correspondence petitioner contended that Lubin, hereinafter referred to as the applicant, was conducting the business illegally on the premises at 934-942 Eddy street and requested the bureau to require him to stop such operations.

On April 8, 1957, a short time prior to the date upon which Lubin's license designating 946 Eddy street would expire, at the direction of the bureau he filed an application for a license to conduct a junk shop at a location de-

scribed in that application as "Rear 934-942 Eddy St." and as "Described in former licenses as 946 Eddy St." The bureau thereupon caused this application to be advertised for the purpose of determining, among other things, "Whether or not there had been a prior continuing use of the premises designated as Rear 934-942 Eddy Street during the period from 1930." It is clear from the record that the bureau, in causing this application to be advertised, was seeking to ascertain whether the premises at 934-942 Eddy street had been used by applicant in the conduct of his junk business prior to the filing of the instant petition so that it might determine whether the instant application should be considered as an application for a renewal of a license or for the issuance of a new license.

On May 6, 1957 the bureau held a hearing pursuant to the terms of the advertisement. At such hearing applicant admitted that he began using the premises designated as 934-942 Eddy street for his junk business in 1951 after he had sold a portion of the premises located at 946 Eddy street. The petitioner conceded that the premises at 934-942 Eddy street had been used by applicant for dismantling cars since 1951.

At this hearing counsel representing petitioner and acting on behalf of certain owners and occupants of land within two hundred feet of the premises in question filed with the bureau the written objections of such owners and occupants to the issuance of the license for premises at 934-942 Eddy street, and it is not disputed that these objectors represent the greater part of the land within that area. In other words, petitioner has filed with the respondent bureau objections which are popularly known as a "legal remonstrance."

The bureau then decided that the prior use of the premises at 934-942 Eddy street by applicant was a valid and legal use despite the erroneous designation of the address of the premises; that the application was for a renewal of

14

a license; and that therefore the terms of §2 relating to objections on the part of occupants and owners of land within two hundred feet of the premises did not apply. It thereupon granted the license now under consideration.

It is our opinion that the respondent bureau misconceived the purpose for which §2 of chap. 398 was enacted and that it erred in granting applicant his license for the premises at 934-942 Eddy street. We considered the provisions contained in §2 in *Slefkin* v. *Board of Aldermen*, 39 R. I. 525, and the limiting effect thereof on the power of a licensing authority to grant a junk license for premises which had not theretofore been used for that business. In that case we stated: "If the section is to be effective it is obvious that said 'owners or occupants' must have opportunity to file their objection to the granting of the license. To have such opportunity they must be informed of the pendency of the application for the license, and thereafter have a reasonable time for filing objection thereto, if so desired. In our opinion this is the only reasonable construction of the statute, and we therefore hold that notice to such 'owners or occupants' is necessary before a licensing board can lawfully grant a junk license at a location not occupied for such purpose at the time of the application for such license." In other words, until the licensing authority has complied with the provisions of §2 concerning opportunity to file objections to the granting of a junk license, it is without jurisdiction to grant the license, such compliance being a condition precedent to the vesting of the authority conferred by §1 of chap. 398.

When §2 is viewed in this light, it requires us to hold that the bureau was without jurisdiction to grant the license until it had provided the "owners or occupants" of land within two hundred feet of the premises at 934-942 Eddy street with actual or constructive notice of the pendency of the application and an opportunity to make effective objections to the granting of the license. There is

nothing in the record to indicate that such notice was given with respect to the premises at 934-942 Eddy street in the case of the prior licenses which incorrectly stated the address to which they applied. Consequently all of the licenses granted by the bureau from 1951, including that granted in 1956, were invalid and without force and effect and applicant's use of the premises was illegal.

With respect to the application of April 8, 1957 and the license issued thereunder now standing in the applicant's name for use of the premises at 934-942 Eddy street, it is our opinion that the bureau was without jurisdiction to issue the same because of the remonstrance filed by the owners or occupants under the provisions of §2.

The petition for certiorari is granted and the decision of the respondent bureau of licenses is quashed.

*John T. Walsh, F. Thomas O'Halloran,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, *Waldman & Waldman,* for respondents.