NATHAN FINK *vs.* BUREAU OF LICENSES *et al.*
NATHAN FINK *vs.* BUREAU OF LICENSES *et al.*

MARCH 16, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

410

Roberts, J. These are two petitions for certiorari to review certain actions of the respondent bureau of licenses. In one case the petitioner seeks a review of the bureau's denial of his application for a license to conduct a junk shop at 601 Huntington avenue in the city of Providence. In the other case he seeks a review of the action of the bureau in limiting to lot No. 197 on plat No. 43 the license granted him to conduct a secondhand store on the premises located at 601 Huntington avenue. Pursuant to the writs the respondent bureau has certified to this court the pertinent records in each case.

It appears therefrom that on April 14, 1959 petitioner filed with the bureau the two applications referred to above. In each application petitioner set out as his business address "601 Huntington Ave., Plat #43, Lot #197." Acting under authority conferred upon it by the city charter, chapter XXXII, secs. 166 and 167, as amended by public laws 1951, chap. 2721, the bureau thereupon caused an investigation to be made of these applications by a member of the police department of the city. This officer submitted a report to the bureau on April 22, 1959 wherein he stated that he did not recommend the issuance of the requested licenses.

In his report the investigating officer stated that the applicant was conducting the businesses in question not only on lot 197 of plat 43 but on ten other lots on that plat and that he had never applied for a license covering

these ten lots nor for a transfer of his license to cover any of them. The officer further stated: "He has erected a wire fence opposite the middle of Halton St. at the railroad tracks that runs to Huntington Ave. and then east along Huntington Ave. to a point at his office building at #611 Huntington Ave. This wire fence crosses Chambers St. which is a dead end street completely closing the street. On Seabury St. which is a dead end street he uses as his main entrance and approximately 30 feet in front Huntington Ave. is a pile of old motors and junk about 20 feet high which extends across the street and up the yard. Due to the fact that this man is using land and streets not specified on his license to carry on his Junk Shop and Second Hand Store business I am returning these applications for renewal 'Not recommended.'"

On May 6, 1959 the bureau held a hearing on these applications. It appears from the record that at this hearing the bureau considered, among other things, that petitioner had been conducting a junk shop and a secondhand store on Huntington avenue for about twenty-one years and that in the conduct of these businesses he used parcels of land which in his past applications for licenses were never specifically designated either by street address or by plat and lot numbers. It further appears that at the close of the hearing there was an "understanding" between the bureau and petitioner that his attorney "would submit an affidavit showing the history of this Junk business on Huntington Avenue." Nowhere in the record does it appear that such an affidavit was ever submitted to the bureau.

These applications were again considered by the bureau on August 7, 1959. At that time the bureau noted in the record that counsel for petitioner had withdrawn his appearance and, to quote from the record, said, "Not having heard from Mr. Fink, the Bureau voted that the application for renewal of the Junk Shop license be denied."

Thereafter petitioner, who had retained another attorney,

requested of the bureau a further hearing with respect to the applications which he had made for these licenses. On August 12, 1959 the bureau informed petitioner that it would grant him a further hearing with respect to his application for a secondhand store license still pending before it but that it would not reconsider its action in denying his application for a junk shop license. Such hearing was held on August 28, 1959 and in the course thereof Philip Pokras, a prior owner of the business now conducted by petitioner, was permitted to testify as to the original application which he had filed for a license in 1925 and as to the parcels of land on which he had then conducted the business.

It appears from the testimony that in 1925 Pokras filed the original application for a license for this business stating therein that the business address was 601 Huntington avenue; that 601 Huntington avenue is the street address assigned to lot 197 on plat 43; and that Pokras used several other parcels of land in addition to lot 197 in the conduct of the business. It further appears that the original application was advertised and was subsequently granted, but there is nothing in the record which shows that in any subsequent application for a license for this business the additional parcels in use were designated either by a street number or by a plat and lot number. Thereafter, on September 4, 1959, the bureau voted to grant petitioner's application for a secondhand store license at "601 Huntington Ave., Plat #43, Lot #197."

The authority of a local legislature to provide for the licensing of junk shops and secondhand stores is contained in general laws 1956, chap. 5-21. In §5-21-2 it is provided that no license for such purposes shall be granted "in any location not occupied for such purpose at the time of the application for such license, where the owners or occupants of the greater part of the land within two hundred (200) feet of such building or place shall file * * * their objection

to the granting of such license." This section has been construed as requiring that "owners or occupants" be given notice of the pendency of applications for licenses for premises not then occupied for the use contemplated so that they, as potential remonstrants, might have a reasonable time in which to file their objections. *Slefkin* v. *Board of Aldermen,* 39 R. I. 525.

We have further considered this requirement of §5-21-2 concerning the giving of notice to potential remonstrants in the case of *Acme Development Co.* v. *Bureau of Licenses,* 87 R. I. 11, 137 A.2d 422. In that case an applicant had for several years been issued a license for the conduct of a junk shop at a location which in his applications for such licenses had been designated by an erroneous street address. The location at which the business was in fact being conducted had never been advertised so as to give the notice required by said §5-21-2. We held therein that the giving of such notice was a condition precedent to the vesting of jurisdiction in the local board to grant the license applied for; that the licenses that had been granted were invalid; and that the use of the premises for the business had been illegal. The licensee gained nothing by the issuance of such invalid licenses, nor was the bureau of licenses thereby relieved of the requirement of giving the required notice to potential remonstrants in order to acquire jurisdiction to issue the license.

In the light of these decisions we cannot agree with petitioner that his application was for a renewal of the license to conduct the business. It is clear that until the statutory notice is given to potential remonstrants of the pendency of an application for such use, those premises with respect to which notice has not been given must be considered as a location not occupied for such purpose at the time of the application within the meaning of G. L. 1956, §5-21-2. It is clear then that the application now under consideration

was, in so far as it applied to lots on plat 43 other than lot 197, an application for a new license.

The granting or denial of a license is a function that is administrative in its nature and is discretionary with licensing boards or officers. This court has no control over the lawful exercise of that power. *Phillips* v. *McLaughlin,* 82 R. I. 224, 227. We will, however, intervene by certiorari for the purpose of determining whether such boards or officers have exceeded their jurisdiction. In reviewing the action of a licensing authority on the question of whether it has exceeded its jurisdiction, we will examine the evidence, not to weigh it or to pass upon its credibility but only to ascertain whether there is any legal evidence to support the ruling. *Elmwood Tap, Inc.* v. *Daneker,* 78 R. I. 408.

In the light of the law as thus stated, we now turn to a consideration, first, of the question of whether the bureau abused its discretion and thus exceeded its jurisdiction in denying a renewal of the license for a junk shop at the premises located at 601 Huntington avenue, that is, plat 43, lot 197. It is clear from the record that the bureau had before it the report of the investigating officer wherein he set forth in detail that petitioner had exceeded the limits of his license by conducting the business on premises for which no license had been issued and by using them in the conduct of his business had invaded portions of the public highway. It is our opinion that this was legal evidence which, standing alone, was sufficient to support the bureau's ruling denying the issuance of the renewal license.

However, it further appears from the record that according to their "understanding" petitioner had failed to furnish the bureau with an affidavit relating to a history of the business as it was conducted at that address. It is our opinion that the bureau may properly require an applicant for a license to furnish such an affidavit and that his neglect or refusal to do so warrants the bureau in refusing to issue

the license. We find no error in the denial by the bureau of the renewal of the license for a junk shop at 601 Huntington avenue.

The petitioner's contention that the bureau acted arbitrarily in denying the application for a junk shop license without first giving notice to him of its intention to so act is without merit. The procedural requirements of the statute and ordinance were complied with, he had been afforded an adequate hearing, and the bureau's ruling was supported by competent evidence.

We turn to the question whether the bureau was in error in its denial of the application for a license to conduct a junk shop with respect to those lots on plat 43 other than lot 197 which had been used in the conduct of petitioner's business. Under the decision in the *Acme Development Co.* case, *supra,* the bureau was required to deal with this application, in so far as it related to these lots, as one for a location not then occupied for such purpose, that is, as a "new" license. Therefore, it appearing from the record that potential remonstrants had never been given notice of the pendency of the application, the bureau was without jurisdiction to issue a license and its denial in these circumstances was not error.

The question might well be raised whether the bureau was in error in denying a "new" license without first having resorted to its apparent practice of advertising the application so as to comply with the statutory requirement of notice, but it does not appear from the record here that the question was ever raised. It is clear from the record that petitioner here elected to press his demand that the bureau deal with the application as one for the renewal of a prior license. No other reasonable interpretation can be given of his action at the hearing on August 28, 1959 in moving that the application be amended so as to include within the designated street address of 601 Huntington avenue all the lots on which the business had been conducted without

regard to whether they had been designated in any prior application.

It is clear that the bureau correctly understood the decision in the *Acme Development Co.* case when it denied the above motion. Having the foregoing in mind, it is our conclusion that the bureau was warranted in denying the application for the junk shop license as it applied to the lots on plat 43 other than lot 197 on the same grounds that it denied the application for the renewal of the license as it applied to lot 197.

There remains the question whether the bureau was in error in limiting to lot 197 on plat 43 the scope of the secondhand store license granted to petitioner. The authority to grant secondhand store licenses is conferred and limited by the same statute and ordinance which confers authority to grant junk shop licenses. The application for a secondhand store license, in so far as it related to the lots other than lot 197, was of necessity to be dealt with by the bureau as an application for a "new" license. It is clear that the bureau so treated it and that in effect its action was a denial of such a license for the lots other than 197.

Under the decision in the *Acme Development Co.* case, *supra,* the bureau was without jurisdiction to grant the license applied for as it related to these lots in the absence of some action on its part to comply with the statutory requirement for the giving of notice of its pendency to potential remonstrants. For the same reasons that we sustained its action on the application for a junk shop license, we are of the opinion that the bureau of licenses did not err in denying a new license for a secondhand store without having first advertised the application so as to give the required notice.

In each case the petition for certiorari is denied, the writs heretofore issued are quashed, and the records cer-

tified to this court are ordered sent back to the respondent bureau of licenses with our decision endorsed thereon.

*Stephen F. Mullen,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondents.