238 A.2d 369.
Rose Lynn Russian, *p. a. vs.* Louis Lipet.
Angelina Russian *vs.* Same.

FEBRUARY 20, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

462

Joslin, J. These two suits, one by a minor through her mother and next friend and the other by the mother for consequential damages, although commenced as actions of trespass on the case for negligence, were tried together to a jury in the superior court as civil actions under that court's new rules of civil procedure. In each case the verdict was for the defendant. Thereafter, following denial of their respective motions for new trials and entry of judgment in

each case for the defendant, plaintiffs appealed. While we discuss only the minor's case, our decision applies with equal force to both.

The suit was brought to recover damages for injuries sustained by plaintiff in an automobile accident which occurred on June 30, 1962 at about 10:45 in the evening on Newport avenue in Pawtucket. It is a well-travelled highway, has two northerly and two southerly travelled lanes, and a posted speed limit of 35 miles per hour. The plaintiff, then 9 years of age, sustained her injuries when, while crossing from the easterly to the westerly sidewalk of the highway, she was struck after she had reached the southerly lanes by an automobile which defendant was driving in a southerly direction.

The case was tried for several days and a number of witnesses testified. The evidence was in sharp conflict on the speed at which defendant was proceeding, whether he was keeping a proper lookout for pedestrians, if he was faced with a sudden emergency, whether plaintiff stepped from the sidewalk or darted out, and whether she ran or walked across the highway. The jury by returning a defendant's verdict obviously resolved those conflicts in his favor. Thereafter, in passing on plaintiff's motion for a new trial, the trial justice in the exercise of his independent judgment considered all of the material evidence in the case in the light of his charge to the jury. He accepted defendant's testimony and the testimony of some of his witnesses as impressive, and he rejected, as lacking in credibility, much of the evidence which was favorable to plaintiff's case. Then, looking at the evidence thus screened, he approved the verdict. Rather than doubting its correctness or having any concern that it might fail to respond truly to the merits of the controversy and to administer substantial justice, he was sufficiently convinced of the verdict's correctness that he said in his decision that, had he been sitting on the case

464

without the benefit of the jury, he would have reached the identical conclusion.

The plaintiff does not, nor could she successfully, question the manner in which the trial justice performed his duty. *Barbato v. Epstein,* 97 R. I. 191, 196 A.2d 836. She argues instead that the trial justice misconceived the evidence when he found that the testimony of defendant as well as that of one of his key witnesses was credible, notwithstanding that it had been impeached both by the inconsistencies inherent therein and by prior contradictory statements made out of court. A decision so predicated, she contends, is clearly wrong and should not be accorded the great weight to which it would otherwise be entitled. The weakness in her argument is, of course, that neither a witness's prior contradictory statements nor the inconsistencies in his testimony inhibit a fact finder's right to accept the witness as credible, and to pick and choose from his testimony what portions he deems worthy of belief. Because credibility is a factual issue, the impeaching character of a witness's prior contradictory or inconsistent statements, although an important consideration in passing on the weight of his testimony, does not necessarily either destroy his credibility or render what he has said unworthy of belief. Whether a witness thus assailed is telling the truth and to what extent he shall be believed is not only the right, but the duty, initially of the jury, and then of the trial justice on a motion for a new trial. While there may be instances when the probative force of testimony is destroyed by a witness's inconsistent or contradictory utterances,[1] usually such

---

[1]Illustrative is *Charron v. Liberty Mut. Ins. Co.,* 93 R. I. 352, 175 A.2d 721, where three physicians on direct examination each testified in substance that the petitioner, a disabled worker, had permanently lost the use of his legs. Predicated on that testimony and in disregard of the same witnesses' testimony on cross-examination that petitioner's legs retained some degree of usefulness, the workmen's compensation commission awarded specific compensation. On review, this court, in holding that the later testimony so contradicted the earlier as to deprive it of probative force,

inconsistencies or contradictions are either susceptible of a reasonable explanation or are of such insignificant importance as not to compel rejection of the testimony as incredible. There is no need to recite the alleged inconsistencies and contradictions upon which plaintiff relies. They were explainable and were explained by the trial justice. In the circumstances, the trial justice did not err in crediting testimony favorable to defendant and in accepting witnesses appearing on his behalf as truthful. *Knightsville Loan Corp.* v. *Bankers Indem. Ins. Co.,* 65 R. I. 48, 13 A.2d 383; *Elias* v. *Hartford Fire Ins. Co.,* R. I., 122 A. 529; *Yellow Cab Co.* v. *Public Util. Hearing Bd.,* 99 R. I. 644, 210 A.2d 128; *Carr* v. *General Insulated Wire Works, Inc.,* 100 R. I. 203, 213 A.2d 700; *Gibbons* v. *Rhode Island Co.,* 37 R. I. 89, 91 A. 9.

In addition to the denial of her motion for a new trial, plaintiff assigns other errors. The first relates to defendant's reply to the question, "* * * were there any eyewitnesses to this accident whose names you know of"? The answer was, "Well, the only thing I know that when this happened a gentleman walk up to me and he say, 'I saw everything.' And he say, 'This was not your fault.' He say, 'You're not to blame for it, you got nothing to do with it, it's not your fault.'" The plaintiff moved to strike that answer, and, although she requested the trial justice to rule on her motion, the record does not disclose that he did so. Ordinarily, this would not be error because an objection or motion not ruled on by a trial justice presents no question for review. *Stone* v. *Langworthy,* 20 R. I. 602, 40 A. 832; *Burdick* v. *Kenyon,* 20 R. I. 498, 40 A. 99. The plaintiff, however, as we understand her, argues that the trial justice's failure to act on her motion, notwithstanding her specific request that

said at 358, 175 A.2d at 724, that: "The modification of the testimony given by the medical witnesses had the effect of denying to their evidence that legality which it was required to have before the findings of fact made by the single commissioner could be supported."

he rule, was tantamount to an adverse ruling. Assuming that her position is correct and that the trial justice erred, plaintiff nonetheless takes nothing because her objection was waived when, thereafter, she elicited testimony on the same subject from the same witness. *Smith* v. *Smith,* 83 R. I. 443, 118 A.2d 618; *D'Ambra* v. *Ohanian,* 77 R. I. 218, 74 A.2d 646; *Fugere* v. *Cook,* R. I., 69 A. 555 (1908); *Gautieri* v. *Romano,* 28 R. I. 246, 66 A. 652; *Finnegan* v. *Waterhouse,* R. I., 67 A. 427. The same principle defeats her additional contention that it was error to allow a police officer to testify during cross-examination that no criminal charges had been brought against defendant. Her waiver in this instance took place when on redirect the same witness was questioned by her about the same subject matter and gave the same answer.

The plaintiff also argues that it was error to permit defendant to read to the jury the deposition of an eyewitness to the accident. That deposition, however, was not submitted until it was first established that the deponent, who, during the trial was staying at a motel in Massachusetts, was by reason of sickness unable to testify in person. In those circumstances, his deposition qualified for use at the trial under various provisions of rule 26 (d)(3) of the superior court's rules of civil procedure. In pertinent part it reads:

> "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (i) that the witness is dead; or (ii) that the witness is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (iii) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment * * *."

Finally, plaintiff argues that it was improper and prejudicial to permit defendant to question several of the police officers who had investigated the accident about their acquaintance and friendship with her counsel. Except in the

one instance where she properly protected the record, the plaintiff's failure to object to the questions about which she now complains precludes her from urging these objections on review. *DeMarco* v. *D'Errico,* 87 R. I. 117, 138 A.2d 830; *Di Biase* v. *Nardolillo,* 76 R. I. 143, 68 A.2d 89. In that one instance, she now assigns error to the refusal of the trial justice to grant her request to instruct the jury to disregard testimony by an officer that he did not know whether plaintiff's counsel had in the past represented other officers of the Pawtucket Police Department. If that failure constitutes error, it certainly was not prejudicial.

In each case, the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Petition for reargument denied.

*John F. McBurney,* for plaintiffs.

*Keenan, Rice & Dolan, John F. Dolan,* for defendant.