261 A.2d 903.

CHARLES PARADIS *vs.* D. M. WESTON & COMPANY, INC.

FEBRUARY 20, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action which was commenced March 31, 1964, by the issuance of a writ of summons in an action of trespass on the case for negligence. It was tried to a Superior Court justice and a jury which returned a verdict for the defendant, and, within the time provided by law, the plaintiff filed a motion for a new trial. On the denial of this motion by the trial justice, a final judgment was entered from which the plaintiff seasonably claimed an appeal.[1]

The evidence establishes that defendant was engaged by the State of Rhode Island to make certain boiler repairs at the central power plant of the Rhode Island State Hospital. It further establishes that plaintiff was employed by the state at said hospital as the power plant engineer. On March 28, 1963, while defendant was so engaged and plaintiff thus employed, it became necessary for defendant in making such repairs to remove the second and third treads at the top of the flight of stairs which leads down from boiler house #3 to boiler house #2. The testimony adduced by defendant is that a large beam or timber was placed in such a position as to protrude up through the opening created by the removal of the stairs, but this was denied by plaintiff. There is also conflicting testimony as to whether the top of the stairs was well illuminated; plaintiff testifying that the light was out and did not come on when he pushed the switch, while a witness called by him testified that the light above the stairs was on.

---

[1]Although the action was commenced prior to January 10, 1966, the effective date of the current Superior Court Rules of Civil Procedure, the case was not reached for trial until January 29 1968. See *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582.

In any event, plaintiff testified that a sudden duty emergency required him to use the stairs in question and, defendant having failed to barricade the top of the stairs despite their dangerous condition, plaintiff fell through the opening and sustained serious injuries. It is on this failure of defendant to barricade the top of the stairs, and thus warn potential users of the dangerous condition, that plaintiff predicates defendant's liability, citing *Downes* v. *Silva*, 57 R. I. 343, 190 A. 42.

That plaintiff fell through the opening is not disputed but neither is it corroborated, there being no eyewitness to plaintiff's fall. A witness for plaintiff did testify, however, that shortly after the fall occurred he came across plaintiff holding his abdomen and claiming to be injured. Significantly, however, it is plaintiff's testimony that in falling through the opening he was able to break his fall by grabbing a railing, and, finding himself thus suspended, he managed to pull himself back up through the opening.

It further appears that for some time prior to the incident of March 28, plaintiff had an inguinal hernia of the right and left side, and was under the care of Dr. Paul Barber. Although advised prior to the time of his fall to have the hernia conditions mended, plaintiff resisted until after the March 28 incident when he did arrange with Dr. Robert Corrente, a practicing surgeon, to correct the condition which, plaintiff testified, had been aggravated by his fall. Doctor Corrente performed the indicated surgery on April 8, 1963, to repair the right inguinal hernia and approximately a week later again operated for repair of the left inguinal hernia. It was Dr. Corrente's testimony that plaintiff made a good recovery and was referred back to Dr. Barber. However, plaintiff did not return to Dr. Barber, but rather consulted Dr. Edmund Curran, who died before the case was tried. Doctor Curran's notes, taken at the time he examined plaintiff, were received in evidence. They tended to show

that in addition to the hernia conditions, Dr. Curran found objective symptoms of other injuries. Doctor Barber, however, was not called to testify although conceded by plaintiff to be available.

In connection with his appeal, plaintiff assigns as reasons therefor that the trial justice erred in denying the new trial motion and prejudicially abused his discretion in the conduct of the trial. These reasons and the contentions made with relation thereto will be considered seriatim.

In considering the new trial motion, the trial justice independently examined and weighed the evidence and passed on the credibility of the witnesses as required by the rule long established in this jurisdiction. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836; *Wilcox* v. *Rhode Island Co.,* 29 R. I. 292, 70 A. 913. So doing, he expressly discredited plaintiff, pointing out that he tended to be argumentative and his testimony evasive. On the other hand, he placed great significance on plaintiff's failure to call Dr. Barber who could have testified as to plaintiff's condition prior to the incident of the fall, while noting that Dr. Curran's examination was subsequent in time to the surgery performed by Dr. Corrente, and could have related the injuries sustained subsequent to Dr. Corrente's treatment of plaintiff. From this evidence, the trial justice observed, the jury would have been warranted in drawing the inference that, although plaintiff may have fallen through the stairs, he did not sustain injuries as a result thereof, an inference which the trial justice makes clear he also shared.

It is fundamental that when a trial justice in passing on a new trial motion performs the duty imposed on him, and, having done this, determines that the jury's verdict was warranted by the evidence accepted by the trial justice, its verdict should not be disturbed. *McKay* v. *Zuckerman,* 104 R. I. 667, 248 A.2d 319; *State* v. *Robertson,* 102 R. I. 623, 232 A.2d 781. The plaintiff does not disagree with the fore-

going proposition. Rather, he argues that the purpose to be served, in requiring the trial justice to weigh the evidence and pass on credibility of witnesses in the exercise of his independent judgment, is to provide for substantial justice in the event that the jury's view of the evidence and the inferences drawn are at odds with the evidence at trial. Stated otherwise, it is plaintiff's contention that if the evidence fairly preponderates against the jury's verdict, it is the duty of the trial justice to set the verdict aside so that substantial justice may be attained. He may not simply decide to accept the jury's verdict, but must give his reasons, and if the reasons given constitute a misconception or overlooking of material evidence, the trial justice's decision is clearly wrong and not entitled to weight in this court, citing *Soucy v. Alix,* 79 R. I. 499, 90 A.2d 722.

In the case at bar, plaintiff argues, in essence, that if the jury found that plaintiff had sustained no injuries as the trial justice, from the evidence which he found credible and to which he gave weight, concluded that they had, then the trial justice misconceived and overlooked the testimony of Dr. Corrente on the issue of injuries allegedly sustained. In connection with this contention, plaintiff refers our attention to a portion of the surgeon's testimony relative to plaintiff's physical condition when examined by Dr. Corrente a few days after the incident of March 28, 1963. It is not clear from a reading of that testimony of Dr. Corrente to which our attention is referred whether the injuries in question were found by him to be based on objective or subjective symptoms. If the latter, Dr. Corrente's testimony as to such injuries would be entitled to no more weight than that of plaintiff.

Be that as it may, even though we were to resolve the question in plaintiff's favor, he takes nothing thereby. In the exercise of his independent judgment as to the weight of the evidence given by those witnesses whom the trial

justice found to be credible, the trial justice also sustained the jury's verdict on the issue of contributory negligence. In both his oral argument and brief, plaintiff stresses his own due care, but from the evidence given by the witnesses found to be credible by the trial justice and to which he points, it is properly inferable that a reasonably prudent man, confronted with well illuminated stairs through which a large beam or timber was protruding, and of which he should have had knowledge for several hours, would have proceeded down those stairs, if at all, with considerably more caution and regard for his safety than the credible evidence suggests was the case with the instant plaintiff. Thus, the trial justice neither having overlooked nor misconceived material evidence on the issue of plaintiff's own due care, his determination that the jury's verdict was supported by the credible evidence cannot be said to be clearly wrong. *DiMaio* v. *Del Sesto,* 102 R. I. 116, 228 A.2d 861; *Spiegel* v. *Grande,* 45 R. I. 437, 123 A. 560.

Even so, plaintiff contends that he is entitled to a new trial for the reason that, in refusing to continue the trial from the afternoon of January 30th to the afternoon of the following day so as to permit plaintiff's counsel, who had been conducting the latter's case, to appear in the federal court on the morning of January 31, the trial justice so abused his discretion as to deny plaintiff his day in court. Such denial, plaintiff argues, was clearly prejudicial in that it was contrary to substantial justice. We find this assignment of error to be totally lacking in merit for either of two reasons.

First, without a recital thereof, since that is unnecessary under the circumstances, the facts disclosed by plaintiff would not constitute an abuse of the trial justice's discretion even if plaintiff's objections were properly postured. Such, however, is not the case. The record discloses that plaintiff made no objection to the ruling of the trial justice

at the time it was made. Rather, he appears to have argued it to the trial justice in connection with his motion for a new trial. The failure to do substantial justice ground, on which a motion for a new trial can be predicated, refers to the verdict of the jury and not to some ruling made by the trial justice during the trial. If there be some ruling by the trial justice in the course of the trial which a party considers prejudicial, it is incumbent upon that party to object at the time the ruling is made and place objection on the record. Absent such objection, no question thereon is raised for review in this court. *Russian* v. *Lipet,* 103 R. I. 461, 238 A.2d 369.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Charles H. Anderson,* for plaintiff.

*John F. McDonough, Raymond A. LaFazia,* for defendant.