**Hubbard PHELPS and Watch Hill Fire District**

v.

**BAY STREET REALTY CORP. et al.**

**No. 78–315–Appeal.**

Supreme Court of Rhode Island.

Feb. 27, 1981.

---

Edwards & Angell, John H. Blish, Swan, Jenckes, Asquith & Davis, Andrew H. Davis, Jr., Providence, for plaintiffs.

S. Thomas Cotroneo, Johnston, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the plaintiffs from judgments entered in consolidated civil actions in which the plaintiffs sought declaratory and injunctive relief concerning the grant of a parking-lot license to the defendant. This matter was heard before a justice of the Superior Court sitting without a jury. The trial justice denied the plaintiffs' prayer for declaratory and injunctive relief and refused to rule on the legality of both

the granting and the issuance of the subject license.

On April 10, 1978, the Westerly Town Council granted defendant Bay Street Realty Corporation a license to operate a commercial parking lot. The plaintiff Hubbard Phelps, the owner of abutting property, thereupon commenced an action to enjoin defendant and its agent Alco Construction, Inc. from taking any action to construct or operate a parking lot. Specifically, plaintiff alleged that the parking-lot license granted to defendant was illegal and void, and further that the parking lot was inimical to the public health and welfare. The trial justice issued a temporary restraining order to prevent any action from being taken on the parking-lot license and set the matter down for a preliminary hearing.

On April 24, 1978, plaintiff Watch Hill Fire District also commenced an action seeking declaratory and injunctive relief with respect to defendant's parking-lot license. Specifically, plaintiff contended that the parking-lot license was issued in violation of applicable town ordinances. Moreover, plaintiff alleged that a parking lot would create a severe health hazard and constitute a nuisance.

The trial justice then proceeded to a hearing to determine whether a preliminary injunction should issue. Hubbard Phelps, Watch Hill Fire District, and defendant were present throughout this proceeding. After hearing the testimony of three witnesses and after considering certain documents submitted, the trial justice issued a second temporary restraining order and continued the matter to May 2, 1978.

On May 2, 1978, the trial justice granted plaintiffs' motion to consolidate their respective actions.[1] Additionally, the trial justice granted defendant's motion to transfer the case to another trial justice of the Superior Court.[2] The trial justice thereupon ordered that the stenographic records of the proceedings be transferred to another trial justice.

On May 8, 1978, trial resumed before a second trial justice. After reviewing the testimony taken before him as well as the transcribed testimony from the prior hearing before another trial justice, the successor trial justice determined that no nuisance existed on defendant's property.[3] Moreover, the trial justice refused to pass on the validity of the license because the Superior Court was not the proper forum to make that determination. Accordingly, the trial justice denied plaintiffs' request for preliminary and permanent injunctive relief and vacated the temporary restraining order.

The issues presented before this court are these: 1) whether the trial justice erred in rendering a decision based in part on testimony elicited at a prior hearing before a different trial justice, and 2) whether the trial justice erred in refusing to rule on the legal validity of the parking-lot license issued to defendant.

I

In response to the first issue before us, plaintiffs contend that the second trial justice, who presided over the trial on the merits, erred in rendering a decision and entering judgment based, in part, on a mere reading of a transcript of testimony adduced at a prior hearing concerning a temporary restraining order before another trial justice. Specifically, plaintiffs argue that the successor trial justice abused his discretion by passing on a case that involved a consideration of testimony of witnesses he had not seen.

---

1. Both Hubbard Phelps and the Watch Hill Fire District agreed to consolidate their cases pursuant to Super.R.Civ.P. 42(a).

2. Certain information that was brought to the attention of counsel by the trial justice in chambers gave rise to defendant's motion to transfer the case to another trial justice. The subject of this information cannot be disclosed from the record.

3. The trial justice properly refused to speculate whether defendant's proposed use of the lot would constitute a nuisance. *See Commerce Oil Refining Corp. v. Miner*, 281 F.2d 465 (1st Cir.), *cert. denied*, 364 U.S. 910, 81 S.Ct. 274, 5 L.Ed.2d 225 (1960); *Otto Seidner, Inc. v. Ralston Purina Co.*, 67 R.I. 436, 24 A.2d 902 (1942).

A review of the record reveals that plaintiffs' counsel had notice that the testimony elicited at the initial hearing would be considered later at the trial on the merits before another trial justice. Additionally, plaintiffs were accorded ample opportunity at the trial on the merits to recall any witness who had testified at the prior hearing concerning the temporary restraining order.

It is significant that at the trial on the merits, plaintiffs did not raise any specific objection to the trial justice's consideration of the transcript of testimony from the prior hearing until after a decision had been rendered in favor of defendant.[4] Plaintiffs' counsel in fact made reference to the transcribed testimony in making arguments to the successor trial justice. Moreover, plaintiffs chose not to recall any of the witnesses who had testified at the prior hearing and did not move to pass the case.

 It is a well-established principle in this jurisdiction that this court will consider only those matters that have been properly raised in the court below. *Wickes v. Kofman*, R.I., 402 A.2d 591, 594 (1979); *Aiudi v. Baillargeon*, R.I., 399 A.2d 1240, 1246 (1979); *LaPorte v. Ramac Associates, Inc.*, R.I., 395 A.2d 719, 720 (1978); *Paradis v. D. M. Weston & Co.*, 106 R.I. 609, 614–15, 261 A.2d 903, 906 (1970). Thus, a party who fails to assert his objections is deemed to have waived his rights on appeal unless the alleged error is one that is exhibited on the face of the record or one involving public policy. *See Dean v. Zoning Board of Review of Warwick*, R.I., 390 A.2d 382, 384 (1978). Because plaintiffs' assignment of error was not one involving public policy or one exhibited on the face of the record, we find that it was not error or an abuse of

discretion for the successor trial justice to render his decision based, in part, on testimony elicited at a prior hearing before a different trial justice.[5]

II

 The plaintiffs next argue that the trial justice erred in refusing to rule on the legal validity of the parking-lot license issued to defendant. It is not necessary, however, for this court to reach this facet of plaintiffs' appeal because the record indicates that defendant had already constructed and has operated the parking lot for which the license was issued. Moreover, the subject parking-lot license, by its term, expired on May 1, 1979, and hence the issue raised by plaintiff is moot. This court will not review a case if its mandate would be of no assistance to the party seeking review— especially when that which is sought has already been accomplished. *Lauder v. Zoning Board of Westerly*, 100 R.I. 641, 643, 218 A.2d 476, 477 (1966).

 Because, however, plaintiffs may institute a new action in the Superior Court for injunctive relief concerning the parking-lot license if they feel they continue to incur some injury from the operation of defendant's parking lot, we find it necessary to reiterate here the appropriate procedure for appellate review in such matters. The proper procedure for direct appellate review of the actions of town councils in granting or denying license applications is by a writ of certiorari to this court, except where a right of appeal is specifically provided by statute. *Eastern Scrap Services, Inc. v. Harty*, 115 R.I. 260, 262, 341 A.2d 718, 719 (1975); *Fink v. Bureau of Licenses*, 90 R.I. 408, 414, 158 A.2d 820, 823 (1960); *Order of St. Benedict v. Town Council of Portsmouth*, 84 R.I. 503, 506, 125 A.2d 150,

---

4. At the prior hearing before the first trial justice, plaintiffs objected only generally to the transfer of the case to another trial justice.

5. It should be noted that Super.R.Civ.P. 63 provides for completion of Superior Court proceedings when a trial judge dies, becomes ill, or is otherwise unable to perform his functions following the return of a verdict or the filing of findings of fact and conclusions of law. Furthermore, Super.R.Civ.P. 63 provides that if a successor trial justice is likewise unable to perform his duties for some reason, "he may make such order as the circumstances require." Thus, it is within the discretion of the successor trial justice to either dispose of the case before him or order a new trial upon proper motion. In the instant case, no such motion was raised nor do we find that the successor trial justice abused his discretion in disposing of the case.

151 (1956); *Aldee Corp. v. Flynn*, 72 R.I. 199, 201, 49 A.2d 469, 470 (1946).

The plaintiffs in the instant case did file a petition for a writ of certiorari in this court challenging the issuance of the parking-lot license, but that petition was dismissed. *Watch Hill Fire District v. Day*, R.I., 409 A.2d 1248 (1979). In this appeal, the plaintiffs contend in effect that we should grant them a second opportunity to review the validity of the parking-lot license. The plaintiffs specifically allege that an avenue of collateral attack in the Superior Court should be allowed and is necessary in those cases where a license is granted. The plaintiffs argue that a judicial prohibition of collateral attack when the challenge is to the grant of a license effectively leaves an objecting party without an effective means of restraining the acts of a licensee while awaiting a court ruling on a certiorari petition. We disagree. The plaintiffs could have requested a stay or injunction pending consideration of a petition for certiorari pursuant to Supreme Court Rule 8. Therefore, we find that the plaintiffs' argument is without merit. Accordingly, we find that the trial justice did not err in refusing to rule on the legal validity of the parking-lot license issued to the defendant.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.