YELLOW CAB COMPANY OF PROVIDENCE *vs.* THE PUBLIC UTILITY HEARING BOARD.

MAY 10, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. These six applications for certificates of authority to operate taxicab services within the city of Providence were filed by the respective applicants with the public utility administrator pursuant to the provisions of G. L. 1938, chap. 100, §3, now G. L. 1956, §39-14-3. Hearings thereon were conducted by the administrator and on June 25, 1962, after finding in each case that the applicant was fit, willing and able to operate a taxicab service and that the public convenience and necessity required such service, he issued certificates permitting each of the applicants to operate one taxicab in the city of Providence.

The Yellow Cab Company of Providence, hereinafter referred to as the protestant, in each case prosecuted an appeal therefrom to the public utility hearing board, which on December 11, 1962, finding the public convenience and necessity for such service and the fitness of the applicants to operate a taxicab service, ordered the issuance to each applicant of a certificate to operate one taxicab in the city of Providence. From each of these orders of the hearing board the protestant has prosecuted an appeal to this court.

It appears that the applications here being considered were filed with the administrator at varying times between 1952 and 1959 but for reasons that the record does not disclose were not heard by the administrator until 1959. Prior to such hearings the administrator, pursuant to the provisions of §39-14-4 which require that notice of the pendency of the hearing be given to common carriers operating in the area designated in the application, gave notice to the protestant, it being a common carrier within the purview of §39-14-2. At the conclusion of these hearings the aforementioned orders were issued by the administrator.

From each of these orders the protestant prosecuted an appeal to the public utility hearing board, hereinafter referred to as the hearing board, pursuant to the provisions of G. L. 1956, §39-5-9, which provide that any person "aggrieved by a decision or order of the public utility administrator, other than a decision or order fixing any rate * * * shall have the right to appeal to the public utility hearing board * * *." Section 39-5-10 provides that the appeal contemplated in §39-5-9 shall take the form of a hearing de novo so that the protestant on these appeals was heard before the hearing board on both fact and law. In this respect it must be noted that §39-14-13 makes provision for appeal from an order of the administrator directly to the supreme court by persons aggrieved thereby where such order is made pursuant to the provisions of chap. 14 of title 39, the taxicab statute.

The record here discloses that in these proceedings the issues were heard and determined under the procedures provided for in §§39-5-9 and 39-5-10, and it is clear that the parties were acting on the theory that any person aggrieved by an order of the administrator other than one involving rates may by reason of §39-5-9 elect to have the matter heard de novo by the hearing board, an intermediate fact-finding tribunal, or to proceed under the specific appeal provisions set out in §39-14-13. Because in the circum-

stances of the cases it does not appear that any right of the parties has been foreclosed by such election, we will determine the issues raised therein in the posture in which they are presented. We expressly disclaim, however, any intention to determine the effect, if any, of the provisions of §39-5-9 on the appeal provided for in §39-14-13.

It was argued on behalf of one of the applicants that the protestant was without standing to carry an appeal from the orders of the administrator to the hearing board, it not being a party aggrieved by such orders. In support of this contention the applicant insists that such orders did not have the effect of impairing any personal or property right of the protestant or of imposing any burden or obligation upon it. Therefore, it is argued, in view of *Lampinski* v. *Rhode Island Racing and Athletics Comm'n*, 94 R. I. 438, 181 A.2d 438, the protestant is not a person aggrieved by the orders of the administrator. With this contention we are unable to agree.

The term "aggrieved" in the context in which it appears in §39-5-9 is not to be construed as strictly as the requirement of aggrievement in statutes setting up true appellate procedures. On the contrary, it is our opinion that the term as used in the instant statute must be construed liberally if effect is to be given to the remedial purposes thereof. The appeal to the hearing board provided in §39-5-9 clearly is not intended to provide for a true appellate review of the decision of an inferior tribunal. Rather, in our opinion, it is intended to make available to those who were parties to the prior hearing and whose interests were adversely affected by the decision rendered therein a new hearing on all the issues of facts and law before an intermediate fact-finding tribunal.

The protestant was a party to the hearing before the administrator, having been made a party in interest thereto by the pertinent provisions of §39-14-4. It is our opinion

that as such a party the orders of the administrator had an adverse effect upon its interests. The primary purpose of the regulation of the taxicab business is to provide the public with safe and adequate transportation. A secondary purpose of such regulation is to preserve the investment of those conducting such businesses from the deleterious effects of wasteful competition. See *Breen* v. *Division of Public Utilities*, 59 R. I. 134. It is then our opinion that in these circumstances the protestant is a person aggrieved by an order of the administrator within the purview of the appeal procedure provided in §39-5-9.

We turn to the various reasons advanced by the protestant as grounds for reversing the decision and orders of the hearing board. The authority of this court to reverse an order or decision made by the hearing board pursuant to the de novo hearing provided by §39-5-10 is set out in §39-5-14. The legislature therein declared that "On any appeal under the provisions of this section, the findings of the board on questions of fact shall be held prima facie to be true and as found by the board; and an order of the board shall not be reversed unless it appears that the decision of the board was against the weight of the evidence presented before the board, or that said order was entered without the jurisdiction of the board, or that such order is unlawful or unreasonable."

We will consider first those contentions of the protestant which relate to the jurisdiction of the hearing board to order the issuance of certificates of necessity and convenience contemplated in §39-14-3. The first contention is that the jurisdiction to issue these certificates is vested in the department of business regulation and that they are without validity until approved by the director of that department. The protestant rests this argument upon the language of §39-14-3 directing that applications for certificates be made to the department of business regulation. We are unable, however, to agree with the protestant's conclusion primarily

because we concur in the view expressed by the attorney general that the provisions of §39-14-12 confer upon the division of public utilities authority to issue any certificate provided for in chap. 14 of title 39.

We are of the further opinion, however, that the legislative intent with respect to the authority of the administrator to issue these certificates is made abundantly clear by the provisions of §39-1-6. It is provided therein that the public utility administrator shall have authority to administer the provisions of chap. 14 of title 39. Section 39-1-6 in pertinent part provides that "The public utility administrator may in the first instance make such decisions and issue such orders as may to him seem proper in the administration of the provisions of chapters 1 to 9, inclusive, 12 to 14, inclusive, and 17 of this title * * *." Clearly this section confers upon the administrator authority to issue the certificates of necessity and convenience that are provided for in §39-14-3. The protestant, as we understand it, does not contend that such authority as may be lawfully exercised by the administrator is not by virtue of §§39-5-9 and 39-5-10 vested in the public utility hearing board.

The protestant argues further that the hearing board acted in excess of its jurisdiction in issuing the certificates to persons who were engaged in the business of operating limited public service vehicles in that it conferred upon them broad passenger solicitation privileges that the legislature intended were to be conferred only on those engaged in the operation of a taxicab service. An examination of the record reveals that the orders of the hearing board relating to the issuance of the certificates were consequential to its finding that the public convenience and necessity warranted authorization of increased taxicab service.

It may be conceded that the legislature intended to give broad passenger solicitation privileges to those operating taxicab services which it did not intend to confer upon those operating limited public service vehicles. Nevertheless we

perceive nothing in the pertinent statutes that proscribes the issuance of a certificate authorizing the operation of a taxicab service to one who had been engaged in the operation of a limited public service vehicle where the prerequisite finding of public convenience and necessity has been duly made.

A further contention of the protestant is that the hearing board acted beyond its jurisdiction in that it attempted to provide for the regulation of the operation of taxicab services under certificates that had already been issued under the provisions of §39-14-3. This contention is predicated upon the hearing board's action in drawing to the attention of the administrator the fact that a substantial number of outstanding certificates were held by persons who were operating no taxicab service thereunder. As we understand this argument, it asserts that the hearing board has thereby attempted to exercise the rule-making power that vests exclusively in the administrator.

If we assume that this argument is pertinent to the issues, it is without merit. The record does not disclose that the hearing board in any manner attempted to direct that the holders of outstanding certificates proceed to operate a taxicab service pursuant thereto. Rather, the hearing board did nothing more than direct the attention of the administrator to the fact that the evidence adduced at its hearings tended to prove that a substantial number of such certificates had been issued and that no taxicab service was being operated pursuant thereto. In this respect we add that we perceive no error in the action of the board in conditioning one of its orders to issue a certificate only upon the production of evidence that the applicant was fit and able to operate a taxicab service.

The protestant's remaining contentions are that the findings of the board as to public convenience and necessity were unlawful and unreasonable and contrary to the weight of

the evidence. We are persuaded that these contentions are based upon the protestant's conclusion that the hearing board acted improperly in conducting a single hearing and, on the basis of the decision therein, issuing to each applicant a certificate of public convenience and necessity authorizing him to operate one taxicab. In so arguing the protestant asserts that the hearing board made its findings of public necessity and convenience on the basis of the evidence adduced in the aggregate and that in fact there is in the record no evidence of such convenience and necessity with reference to certain undesignated applications.

In other words, the protestant argues that these undesignated applicants failed to establish that public convenience and necessity warranted the issuance of certificates to them. In our opinion this argument overlooks the nature of the basic question in these cases, that is, whether the taxicab service available to the public is reasonably adequate to supply the public need therefor. It is our opinion that it may be shown that the taxicab service available to the public is inadequate to reasonably supply the public with effective transportation of this type without reference to the specific proposal of any person to provide such service under the pertinent certificate. Whether an individual should be authorized to operate a taxicab service is to be determined upon an establishment of fitness and ability to do so, and a condition precedent to issuing a certificate authorizing one found to be able and fit is a finding that the public convenience and necessity warrants the increase in service that would result therefrom.

It is our opinion, in other words, that the hearing board acted properly in determining that the public convenience and necessity warranted the issuance of further certificates on the basis of the aggregate of the evidence adduced on that issue. As we have already stated, the fact that certain of the individual applicants in the course of the hearing

failed to adduce evidence on the issue of the public convenience and necessity does not render the finding thereof by the hearing board either illegal or contrary to the weight of the evidence. We do not perceive that the protestant has raised any question as to the validity of the findings by the hearing board that the applicants to whom the certificates were issued had established their fitness and ability to operate a taxicab service.

The appeals are denied and dismissed, the orders appealed from are affirmed, and the records in each case are ordered sent back to the respondent board.

*Albert J. Hoban,* for protestant.

*J. Joseph Nugent,* Attorney General, *Francis A. Kelleher,* Assistant Attorney General, for State, respondent.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for respondent.