210 A.2d 128.
YELLOW CAB COMPANY OF PROVIDENCE *vs.*
PUBLIC UTILITY HEARING BOARD.

MAY 18, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is an appeal under G. L. 1956, §39-5-14, by the Yellow Cab Company of Providence from a decision and order of the public utility hearing board. The cause came to the board on appeal under §39-5-9 from a decision and order of the public utility administrator. The board found that the applicant, Whitehall Taxicab Company, was qualified for the operation of taxicabs and that the public convenience and necessity required additional service. It granted the applicant four certificates of public convenience and necessity for the operation of taxicabs within the city of Providence and amended three certificates previously issued so as to permit the operation of taxicabs within the cities of Providence and Cranston as well as in the town of Johnston. The grounds of this appeal are that the board's decision is against the weight of the evidence and that its order is both unlawful and unreasonable.

The appellant's challenge to the order on the grounds of unlawfulness and unreasonableness is premised initially on the alleged noncompliance by the board with the requirements of §§42-35-10 and 42-35-12. Those sections, which set up procedural standards for proceedings before certain administrative tribunals, are included within the Administrative Procedures Act which took effect on January 1, 1964 except as to proceedings pending on June 30, 1963. See §42-35-18. For the reason that this application was filed prior to June 30, 1963, we expressly refrain from passing either on the issue of whether the board complied with the requirements of §§42-35-10 and 42-35-12, or on the question

raised by the appellant of whether original jurisdiction to review decisions and orders of the board has, under the Act, been vested exclusively in the superior court.

As a further basis for its attack on the ground of lack of reasonableness and legality, appellant argues that the board referred only passingly in its decision to the testimony heard by it and that in substance it merely rewrote the findings and orders of the administrator. That conduct, it argues, warrants the conclusion that the board acted in a reviewing capacity, rather than as an independent quasi-judicial body charged under §39-5-10 with hearing appeals "de novo as to both the law and the facts" and with determining the issues "based upon the law and upon the evidence presented before it * * *."

The similarity in the two decisions to which appellant attaches significance arises, however, not for the reason suggested, but because the board heard the oral testimony of the two witnesses who appeared before the administrator and additionally had before it as evidence, as permitted by §39-5-13, the transcript of the proceedings before him. In those circumstances some similarity in the factual recitals in the respective decisions is to be expected. It should be observed, moreover, that the board also referred in its decision to the testimony of witnesses who did not appear before the administrator. In our opinion, the board neither misconceived the statutory obligation imposed upon it, nor failed in its duty to hear and determine the appeal as a de novo proceeding.

The appellant next contends that the decision is contrary to the weight of the evidence. By §39-5-14 findings of the board are deemed to be prima facie true and one attacking a decision for the reason here advanced is burdened with establishing that the board was clearly wrong in that it overlooked or misconceived some material evidence which, if properly assessed, would have caused the evidence to preponderate against the decision. *Hill Road Publishing &*

*News Co.* v. *Public Utility Hearing Board,* 96 R. I. 265, 190 A.2d 729; *Berberian* v. *Public Utility Hearing Board,* 88 R. I. 207.

The factual issue before the board was whether the applicant had established by probative evidence that the public convenience and necessity required the issuance of new certificates. *Capaldo* v. *Public Utility Hearing Board,* 71 R. I. 245; *Yellow Cab Co.* v. *Public Utility Hearing Board,* 79 R. I. 507. On that question and on sharply conflicting testimony the board found "that the preponderance of the evidence established the need for additional taxicab service in order to serve the public convenience, and also fill the public need for taxicab service within the confines of the City of Providence." In reaching that conclusion it accepted as credible the testimony of Albert Capaldo, applicant's president, thereby at least inferentially rejecting evidence to the contrary proferred by the witnesses for various protestants.

Notwithstanding the statutory presumption of verity which attaches to the board's findings, it is contended that Capaldo's testimony on a material issue was impeached by his own prior inconsistent statements. As a consequence, appellant argues that the board's findings, premised as they were upon a judgment that Capaldo's testimony was credible, stemmed from a misconception and should be disregarded. It is unnecessary to refer in detail to the alleged inconsistent statements or to the witness' explanations thereof, it being sufficient to observe that proof of the inconsistency of a witness' prior statements is merely evidence which tends to impeach his testimony, but does not compel its rejection. Clearly this was the situation here. The board was satisfied either that the inconsistencies had been satisfactorily explained or in the alternative that they were not of sufficiently serious import to warrant a rejection of the evidence which came from Capaldo on the basic issue before the board. In short, the impeaching character of the

prior inconsistent statements went to the weight of Capaldo's testimony and did not necessarily render it unworthy of belief. *City of Boston* v. *Santosuosso*, 307 Mass. 302, 344; *Blackman* v. *Rowe*, 96 N. H. 207; *Ross Will*, 355 Pa. 112. The effect of the prior contradictory statements upon the probative value of Capaldo's oral testimony was a matter peculiarly within the province of the board. That it refused to give it a discrediting effect does not, without more, make the board's decision clearly wrong.

Finally, appellant contends that we should remand the case because of the failure of the board to set forth the factual premises upon which it premised its ultimate finding of the existence of a public need for additional taxicab service. The board could, and indeed it should, as appellant argues, have stated more fully the specific bases upon which it concluded "that public convenience and necessity requires additional service * * *." While we will neither speculate on the nature of that supportive evidence nor search the record therefor, *United Transit Co.* v. *Nunes*, 99 R. I. 501, and *Capaldo* v. *Public Utility Hearing Board*, 70 R. I. 356, we will nonetheless deem that the requirement as to specificity and definiteness has been satisfied if the board's conclusion can fairly and reasonably find support in the decision by implication. *Yellow Cab Co.* v. *Public Utility Hearing Board*, 79 R. I. 507, 511. It is difficult to say, just as in other instances where a line must be drawn, when a conclusion is so lacking in supporting evidentiary findings as to require resort to speculation and when it can be sustained by fair and reasonable implication. The answer can come only from a careful scrutiny of the decision. It would, of course, be preferred if the board had so expressed itself as to obviate the necessity for any such examination.

Here the board did not specifically allude in its decision to the evidence establishing a public need for additional taxicab service. It did, however, in substance find that dur-

ing a period immediately preceding this application there had been a reduction in the bus service provided by the public transit company and in the taxicab service offered by appellant, itself a large taxicab operator, and that during the same interval there had also been an increase in the number of public livery vehicles as well as in the taxicabs operated by independent companies. Additionally, it commented on the appellant's plan to avail itself of some of its existing and unused certificates of public convenience and necessity and to increase the number of its operating taxicabs from 36 to 50. In our judgment the reference to and acceptance by the board of such evidence furnishes a sufficient foundation from which its ultimate finding of a public need for additional taxicab service can fairly and reasonably be implied. The correct test having been applied by the board and the appellant having failed to satisfy us that any evidence was either overlooked or misconceived, the decision and order must stand.

The appeal is denied and dismissed, the decision and order appealed from are affirmed, and the records certified to this court are ordered sent back to the respondent board.

*Albert J. Hoban,* for appellant Yellow Cab Company.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for appellee Public Utility Hearing Board.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for applicant Whitehall Taxicab Company.