277 A.2d 301.

GEORGE MURRAY *et al. vs.* LATULIPPE'S SERVICE STATION, INC. *et al.*

MAY 20, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. On October 9, 1970, the Public Utilities Commission issued an order awarding LaTulippe's Service Station, Inc. a certificate of public convenience and necessity authorizing the service station to act as a common carrier in the transportation of motor vehicles, by towing, between points located within the Town of Tiverton. This petition for certiorari[1] filed by carriers who now provide towing service in the Tiverton area seeks a review of the grant. We issued the writ and the record has been forwarded to us.

The simple issue before us is whether there is any legal evidence in the record that supports the Commission's affirmative action. If there is, we quash the writ; if there is not, we quash the record. *Hooper* v. *Goldstein,* 104 R. I. 32, 241 A.2d 809; *Papineau* v. *Personnel Board,* 101 R. I. 359, 223 A.2d 549; *Henry* v. *Thomas,* 100 R. I. 564, 217 A.2d 668. Before a certificate of public convenience and necessity may be issued, the Commission must have before it evidence that there is a public need for the proposed additional service. *Yellow Cab Co.* v. *Public Utility Hearing Board,* 99 R. I. 644, 210 A.2d 128; *Yellow Cab Co.* v. *Public Utility Hearing Board,* 96 R. I. 247, 191 A.2d 23. We can find no such evidence in the instant record.

LaTulippe's Service Station, Inc. is a father and son business. The father's name is Louis LaTulippe. The son is his father's namesake. Their service station specializes in selling gasoline and making minor automotive repairs. In the hearing held before the Commission's motor carrier

---

[1]Public Laws 1969, chap. 240, created the Public Utilities Commission, Section 8 of P. L. 1969, chap. 240, now G. L. 1956 (1969 Reenactment) §39-5-1, specifically states that the exclusive method of judicial review of any decision or order of the Commission is by way of certiorari to this court. See, *Rhode Island Consumers' Council* v. *Public Utilities Commission,* 107 R. I. 284, 267 A.2d 404.

examiner,[2] their testimony showed that while the corporation could not offer the desired towing services to its customers, its customers were able to use the services of other certified carriers who operate within Tiverton. The applicant's representatives were unable to cite any incident where a person needing the services of a tow truck was unable to obtain such services. A witness who testified for the applicant operates an auto-parts business in North Tiverton. He found the services being offered by the certified carriers in the locality to be satisfactory but thought "it would be nice to have another fellow on it."

A spokesman for an oil company that furnishes applicant with its petroleum products also appeared as a witness at the hearing. However, he said that whenever his employer's automotive equipment broke down, a carrier was available to service its needs. There was no evidence that this company's need for a tow-away service was not being met.

Three certified carriers who are authorized to tow motor vehicles in Tiverton appeared at the hearing and objected to the LaTulippe application. They said their towing services were prompt and efficient. These individuals knew of no dissatisfaction with the services they rendered. Two of these three are the petitioners in this cause.

The Commission made no finding that the public convenience and necessity required the applicant's towing services. Rather, it observed that the applicant's operation would not adversely affect the finances of the protestants. This is no legal reason for the action taken by the Commission. As noted elsewhere, there is a complete absence of any competent evidence that the towing services being afforded by the certified carriers to the Tiverton area are inadequate to meet the public's demand.

---

[2]Section 39-1-15 allows the use of hearing officers to conduct hearings such as the one presently before us.

The petition for certiorari is granted; the decision of the respondent Commission is quashed.

*Frederic A. Charleson,* for petitioners.

*Corcoran, Peckham & Hayes, Joseph T. Houlihan,* for respondents; *John H. Hines, Jr.* representing Archie Smith, in his capacity as Chairman of Public Utilities Commission.