282 A.2d 595.

YELLOW CAB Co. *et al. vs.* BEAULAH FREEMAN *et al.*

OCTOBER 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for certiorari which was issued pursuant to the terms of G. L. 1956 (1969 Reenactment) §39-5-2, whereby we are reviewing the award of a certificate of Public Convenience and Necessity by the Pub-

lic Utilities Commission to Beaulah Freeman which would allow her to operate two taxicabs between the City of Providence and various other points. The Commission has forwarded the pertinent record to us.

The scope of our review is fixed by §39-5-3. This section enjoins us from weighing conflicting evidence and specifically states that any order or judgment made by the Commission shall not be reversed "* * * unless the commission exceeded its authority or acted illegally, arbitrarily or unreasonably." Having in mind this mandate, our function here is to determine if the record contains any legally competent evidence that supports the Commission's action or stated another way, the sole issue before us is to determine whether or not the evidence presented to the Commission demonstrated a public need for taxi service in the Providence area. *Murray* v. *LaTulippe's Service Station*, 108 R. I. 548, 277 A.2d 301 (1971).

There is no necessity to detail the testimony that was adduced at the extended hearings held by the Commission. The applicant presented testimony which would indicate that taxi service is not being provided to patrons who wish to be transported to certain sections of Providence. She also presented evidence showing the inadequacy of the available service. The petitioners have a common ownership and they, through the testimony of their general manager, sought to counter the statements made by the applicant's witnesses. Credibility, however, is for the Commission, and not for us.

We find that the record contains legally competent evidence which shows a need for the service sought to be furnished by the applicant. The Commission's award is neither unlawful nor arbitrary.

The petition for certiorari is denied and dismissed and the writ heretofore issued is quashed.

166

*Schreiber, Clingham & Gordon, Stephen A. Gordon,* for petitioners.

*Gunning, LaFazia, Gnys & Selya, Albert E. Rossi; John H. Hines, Jr.,* Legal Counsel, for Department of Business Regulation, for respondents.