NEWPORT ELECTRIC CORPORATION

v.

The TOWN OF PORTSMOUTH et al.

NEWPORT ELECTRIC CORPORATION

v.

PUBLIC UTILITIES COMMISSION OF the STATE of Rhode Island et al.

Nos. 93–205–M.P., 93–207–M.P.

Supreme Court of Rhode Island.

Dec. 5, 1994.

490

Peter J. McGinn, Joanne D. Conte, Tillinghast, Collins & Graham, Providence, for plaintiff.

Donato D'Andrea, Town of Portsmouth, Paul Roberti, Sp. Asst. Atty. Gen., John Spirito, Jr., Public Utilities Com'n, Newport, for defendant.

## OPINION

LEDERBERG, Justice.

This case arose from the decision of the Portsmouth Town Council (Portsmouth) to

rezone certain parcels of land in the town from Heavy Industry to Residential R–20. In reaction, Newport Electric Corporation (Newport) petitioned the Public Utilities Commission of the State of Rhode Island (the commission) to invalidate the rezoning of several of the lots. The commission granted Newport's petition in respect to lot No. 5 and denied it in respect to lot Nos. 6 through 9. Thereupon, Newport and Portsmouth each filed a petition for certiorari, and the respective petitions were consolidated for argument.

The central issue on review was whether the commission erred when it revised the zoning of lot No. 5 from Residential R–20 back to Heavy Industry and when it sustained the rezoning of lot Nos. 6 through 9 as Residential R–20. For the reasons stated herein, we deny the petitions for certiorari and affirm the report and order of the commission.

## FACTS AND PROCEDURAL HISTORY

The facts in this case are not in dispute. On August 17, 1992, Portsmouth, Rhode Island, acting through its town council, adopted an amendment to its zoning ordinance that rezoned thirty-seven lots located on five of the tax assessor's maps from Heavy Industry to Residential R–20. Of those thirty-seven lots, only five lots, numbered 5 through 9 on tax assessor's plat No. 26, are at issue in the case before us. Those lots occupy approximately 1.5 acres surrounded by a 125–acre area zoned Heavy Industry.[1] Lot No. 5 is owned by Newport, and lot Nos. 6 through 9 are owned by a private individual. Nine days after Portsmouth's rezoning, Newport filed a petition with the commission pursuant to G.L.1956 (1990 Reenactment) § 39–1–30, contending that the rezoning of lot Nos. 5 through 9 restricted its "ability to place, erect or maintain any utility plant, building, wires, conductors, fixtures, structures, equipment, or apparatus on its land and therefore [the rezoning would] interfere with [Newport's] obligations to serve its customers" in the state.

The commission held a public hearing on February 23, 1993, and in its Report and Order of April 2, 1993, concluded that notwithstanding the fact that Newport was not then using lot No. 5 for any utility function, the rezoning from Heavy Industry to Residential R–20 *would* inhibit Newport's ability to expand lot No. 5's utility-related operations in the future. But the commission disagreed that Newport would be adversely affected by the rezoning of lot Nos. 6 through 9 to Residential R–20. Consequently, the commission reversed Portsmouth's rezoning of lot No. 5, returning it to Heavy Industry, but affirmed the rezoning of lot Nos. 6 through 9 to Residential R–20.

Pursuant to G.L.1956 (1990 Reenactment) § 39–5–1, Newport and Portsmouth each timely petitioned this court on April 9, 1993, for a writ of certiorari to review the commission's report and order. Newport argued that the commission erred in sustaining the rezoning of lot Nos. 6 through 9, while Portsmouth argued that the commission improperly invalidated its rezoning of lot No. 5. The owner of lot Nos. 6 through 9 was neither a party to the proceeding before the commission nor a party to the instant review. On February 21, 1994, this court granted Portsmouth's motion, assented to by Newport, to consolidate the two petitions.

## STANDARD OF REVIEW OF COMMISSION'S DECISIONS

■■■ The standard of this court's review *of decisions of the commission is clear and* well settled. Under § 39–5–1 this court reviews the legality and reasonableness of decisions or orders of the commission, *Providence Gas Co. v. Malachowski,* 600 A.2d 711, 714 (R.I.1991), "to determine whether the commission's findings are lawful and reasonable, fairly and substantially supported by legal evidence, and sufficiently specific to enable [this court] to ascertain if the evidence upon which the commission based its findings reasonably supports the results." *Roberts v. New England Telephone & Telegraph Co.,* 487 A.2d 136, 138 (R.I.1985); *Interstate Navigation Co. v. Burke,* 465 A.2d 750, 755 (R.I.1983). Thus, the scope of re-

1. See Appendix.

view by this court is limited because the commission, not this court, functions as fact-finder. *Michaelson v. New England Telephone & Telegraph Co.*, 121 R.I. 722, 728, 404 A.2d 799, 803 (1979). Moreover, the commission's findings of fact "shall be held to be prima facie true." Section 39–5–3. Furthermore, this court can neither exercise its independent judgment nor weigh conflicting evidence. *Id.; Malachowski*, 600 A.2d at 714. In light of this standard, we review the commission's report and order.

## THE COMMISSION'S REVERSAL OF THE REZONING OF LOT NO. 5

■ On review before this court, Portsmouth asserted that the commission erred in reversing the town's rezoning of lot No. 5 because there was ample evidence that the rezoning would have only a *de minimis* effect on Newport. The commission on the other hand argued that it decided the issue within its statutory authority, and asserted that its determination was supported by substantial evidence in the record. We agree with the commission.

Under § 39–1–30, the commission is vested with authority to review "[e]very ordinance enacted, or regulation promulgated by any town or city affecting the mode or manner of operation or the placing or maintenance of the plant and equipment of any company under the supervision of the commission * * *." In reviewing an ordinance or regulation, the commission is also directed to give consideration to "its effect upon the public health, safety, welfare, comfort, and convenience." *Id.*

At the commission's hearing, Newport's right-of-way real estate engineer testified that Newport contemplated using lot No. 5 as an easement for overhead power lines, and that a revitalization of the industries in the area would necessitate an expansion into lot No. 5 for utility purposes. Portsmouth offered no testimony to rebut Newport's contention that lot No. 5 would be needed for such expanded utility operations in the future. Moreover, under Portsmouth's zoning ordinance, Newport cannot use a lot zoned as residential for utility purposes without applying for a special exception. On the basis of Newport's testimony, the commission concluded that even though the company was not then using lot No. 5 for utility purposes, the inactivity might not exist in perpetuity, and Newport might need to expand lot No. 5's utility-related functions in the future.

■ The credibility of witnesses testifying before the commission is a matter for determination by the commission, not by a reviewing court. *Yellow Cab Co. v. Freeman*, 109 R.I. 164, 165, 282 A.2d 595, 596 (1971). This court will disturb an administrative order only if it is "satisfied that the [commission] acted illegally, arbitrarily or unreasonably." *Narragansett Electric Co. v. Burke*, 122 R.I. 13, 20, 404 A.2d 821, 826 (1979), *cert. denied*, 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980); § 39–5–3. In the instant case, the commission found Newport's witness credible and determined that Portsmouth's rezoning of lot No. 5 "will affect Newport's use of lot 5 * * * [and] encumber the public's potential comfort and convenience. Under Section 39–1–30, the Legislature has charged this Commission with the responsibility of promoting and maintaining the benefits the citizenry realizes through electric power. We find that the rezoning of lot 5 has diminished this benefit and consequently must be reversed." Because the commission is the proper forum to decide the credibility of witnesses and because substantial testimony supported the commission's finding, under the standard of review set forth *supra*, we conclude that the commission did not act "illegally, arbitrarily or unreasonably" in reaching its decision. Accordingly, we affirm the commission's rezoning of lot No. 5 to Heavy Industry.

## THE COMMISSION'S DECISION TO SUSTAIN THE REZONING OF LOT NOS. 6 THROUGH 9

■ Newport contended to this court, first, that the commission's determination that Newport was not affected by the rezoning of lot Nos. 6 through 9 was erroneous; and, second, that the rezoning must be invalidated because it did not conform to Portsmouth's Comprehensive Community Plan (Community Plan). Portsmouth, on the other hand, asserted that the commission's fore-

bearance was proper because the commission was without authority to invalidate the rezoning of lots owned by an individual who was not a party to the proceedings. On its part, the commission argued that because the rezoning of lot Nos. 6 through 9 did not affect Newport's utility operations, the commission's decision should be affirmed.

■ We note that the commission's jurisdiction to review ordinances and regulations is circumscribed by § 39–1–30: the ordinance or regulation at issue must affect "the mode or manner of operation" or the "placing or maintenance of the plant and equipment" of a public utility. In order for the commission to review whether an ordinance is in conformity with the Community Plan, the commission must first decide that it has jurisdiction over the ordinance. In the case before us, because the commission determined that the rezoning ordinance in respect to lot Nos. 6 through 9 did not affect the "mode or manner" of Newport's operations, the commission properly concluded that it had no jurisdiction to review the ordinance's compliance with the Community Plan.

At the commission's hearing, Newport argued that the rezoning of lot Nos. 6 through 9 to Residential R–20 would adversely affect its utility operations in the following way. In the event Newport were to construct power lines on lot No. 5 and connect them to its currently inactive substation on an adjoining lot, Newport could be potentially liable for the putative harmful effects of the electromagnetic fields (EMF) from such lines on residents of those lots. But the only evidence offered by Newport in support of this argument was agreement by its real estate engineer that Newport had "concerns and objections relative to EMF and these overhead power lines," and statements by its counsel that, "This Commission is very much aware of the EMF issue," and "We [Newport] have enough problems with electromagnetic field problems and putting up high power lines." As noted *supra*, the owner of lot Nos. 6 through 9 neither participated in the hearing, nor offered testimony on EMF concerns. The commission found Newport's arguments "unpersuasive" and noted "the conspicuous absence" of the property owner. In announcing its decision, the commission stated that had the owner joined with Newport in the hearing, "the Commission may have reached a different conclusion on lots 6 through 9."

Because this court may neither "exercise its independent judgment" nor "weigh conflicting evidence" in reviewing the commission's findings of fact, § 39–5–3, and because of the paucity of evidence offered by Newport in support of its EMF argument, we are constrained to conclude that the commission was not clearly wrong in sustaining the rezoning of lot Nos. 6 through 9. Hence, we must affirm the commission's report and order.

Accordingly, we hold that the commission's findings were fairly and substantially supported by legal evidence. The petitions for certiorari are denied, and the writs heretofore issued are quashed. We affirm the commission's report and order that reversed the rezoning of lot No. 5 and that sustained the rezoning of lot Nos. 6 through 9. The papers in the case may be remanded to the commission with our decision endorsed thereon.

MURRAY, J., did not participate.

## APPENDIX

The configuration of lot Nos. 5 through 9 is shown below on a partial map of plat No. 26.