DECISION
This matter is before the court on the appeal of Quality Cab, Inc. (plaintiff) from a decision of the defendant, Rhode Island Public Utilities Commission, Division of Public Utilities and Carriers (PUC), granting defendant E F Transportation (E F) a certificate of public convenience and necessity authorizing the defendant to operate one taxicab in certain areas of the State of Rhode Island. The plaintiff seeks a reversal of the decision and requests that E F's license be revoked or modified to exclude the Providence County territories. Jurisdiction is pursuant to G.L. 1956 Section 42-35-15.
 Facts/Travel
The plaintiff Quality Cab, Inc. owns and operates a cab company which services various areas in the state including Lincoln, Cumberland, Pawtucket, Central Falls and North Smithfield. The plaintiff holds approximately 57 certificates to operate his cabs but utilizes only 11. On March 8, 1991 the defendant, E F Transportation, Inc., another taxicab company located in Pawtucket, applied to the PUC for a permit to operate one additional cab in an effort to expand its service to include service in various areas of the State that were also serviced by plaintiff[1]. Hearings were conducted on May 2, 1991 and May 24, 1997 before Hearing Officer Adrienne Southgate.
E F presented two witnesses, the vice president of the company, Frank Bedrossian, and Mr. Frank Wilson of Pawtucket. Mr. Bedrossian testified that he received various complaints and inquiries from customers regarding insufficient service available to the customers in Pawtucket, Cumberland, Lincoln and other adjacent areas in the State.
Mr. Wilson, who is dependent on regular taxi service, testified that he has had difficulty obtaining service, has experienced delays and unreliability with existing service, including that of plaintiff, and felt that consequently there was a need for more taxi service in the Pawtucket, North Providence, and East Providence areas.
Robert Ferguson, the Vice President of Quality Cab, Inc., testified that he did not feel there was a need for the proposed services in Providence County; however, if the need did arise plaintiff was equipped to handle any increase in service by utilizing his outstanding certificates. Additionally, Mr. Ferguson stated he was not aware of any difficulties in existing taxi service, and because he was not informed, he did not have an opportunity to correct the problem. Mr. Ferguson also testified that he was concerned that the granting of E F's certificate would have a detrimental impact on his business.
On July 17, 1991 the hearing officer issued a written decision granting defendant E F's application to operate within, from and between the named areas. From this decision, the plaintiff filed an appeal. Memoranda were submitted by plaintiff, Quality Cab Inc. and defendant, E F Transportation. No memorandum was received from defendant, Public Utilities Commission.
 Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L § 42-35-15(g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority, et al. v. Rhode Island LaborRelations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
 Issuance of Certificate
The plaintiff argues two issues on appeal. The plaintiff argues that the certificate issued to E F was based upon the incorrect statute and thus is invalid as it applies to the defendants. Specifically, the plaintiff asserts that the written decision of the hearing officer granting E F authorization to operate one additional taxicab, cites § 39-12-7 as the controlling statute, but the proper statutes for granting certificates are Sections 39-14-4 and 39-14-14.1. Additionally, the plaintiff argues that the decision of the hearing officer was arbitrary and capricious and was not supported by substantial evidence of record. Specifically, the plaintiff asserts that E 
F's requested expansion was not proven necessary for public convenience.
Alternatively, the defendant, E F, argues that the reference to the incorrect statute is merely a technical error and does not constitute grounds for reversal of the decision. The defendant contends that the correct standard was applied by the hearing officer, and that notwithstanding the error, the statute cited is substantively parallel to the correct statute and thus the proper test was applied. Additionally, the defendant asserts that the decision should be upheld because it is supported by competent and substantial evidence which consisted of the testimony of two witnesses. The defendant notes that the plaintiff failed to present any evidence of public necessity to the contrary other than his own personal opinion.
Sections 39-14-4 and 39-14-14.1 of the Rhode Island General Laws apply to the hearing and issuance of certificates of public necessity and convenience under Chapter 14 entitled "Taxicabs and Limited Public Motor Vehicles." These statutes govern the issuance of the certificates issued in the instant matter. In her written decision, the hearing officer cited Section 7 under Chapter 12 entitled "Motor Carriers of Property," which applies to the issuance and application of certificates for common carriers of property, and not taxicabs. The plaintiff avers that the definition of "common carrier" under the statute cited, applies to the transportation of property and not persons and is inapplicable to the defendant. The defendant maintains that despite any error in citation, the correct procedure and analysis was applied and thus the decision should stand.
A review of the written decision indicates that the hearing officer applied the proper standard in the consideration and issuance of the certificate. Both sections are identical in the governing language and require a finding that
 "the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, orders, rules, and regulations of the administrator thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise the application shall be denied."
Additionally, the hearing officer's written decision accurately describes the nature of the pending authorization for operation as "a common carrier by taxi, over irregular routes, in the transportation of passengers. . . ." Report and Order, 91-MC-72, Page 1. The hearing officer also specifically addressed the correct standards for issuing the certificate, namely a finding of fitness and willingness, and of public convenience and necessity. Id. at 3.
A thorough review of the written decision and the record indicates that the notation of the incorrect statute and section was not inconsistent with the applicable statute, and had no effect on the requirements of the certificate or the results. Even if the incorrect statute affected the reasoning, but yielded a correct result, the court will uphold the decision. See,Augustine v. Langlois, 402 A.2d 1187, 1189 (R.I. 1979); Souzav. O'Hara, 395 A.2d 1060, 1061 (R.I. 1978).
With regard to the plaintiffs argument that the decision was arbitrary and capricious and constituted an abuse of discretion, the plaintiff relies on the requirements in Yellow Cab Co. v.Public Utility Hearing Bd., 210 A.2d 128 (R.I. 1965) andCapaldo v. Public Utility Hearing Board 43 A.2d 695 (R.I. 1945), which denied an application based on the public need being limited to a particular time and place, and already registered taxicabs could accommodate demand. The plaintiff maintains that because there was no probative or legally competent evidence that there was a public need, the decision of the hearing officer was arbitrary and capricious and constituted an abuse of discretion.
The defendant avers, however, that the decision should be upheld because it is supported by the testimony of two competent witnesses, and the defendant failed to present any evidence contradicting the need for additional taxi service other than his own personal conclusions.
The standard set forth in Yellow Cab v. PUC requires that the applicant must establish by probative evidence that the public convenience and necessity merited the issuance of new certificates. 210 A.2d at 130. The evidence need not be extensive, but the credibility and weight of the evidence lies solely within the province of the Board. Id. at 131. The focus is on the need for additional service and when the requisite need is shown, the certificate may be granted. Kilday v. Victoria,304 A.2d 43 (R.I. 1973). The applicant need not show why the certificates be specifically issued to them, but "whether the taxicab service available is reasonably adequate to supply the public need therefor". Yellow Cab Co. v. Public Utility HearingBoard, 96 R.I. 247, 254 (1963). When the record contains legally competent evidence that shows a need for the service sought, then the decision will be upheld. Yellow Cab v. Freeman,109 R.I. 164, 165 (1971).
Review of the record indicates that the defendant produced two witnesses in support of his contention that a need existed in the subject areas. The testimony of Mr. Bedrossian established that he had received numerous complaints from customers who had requested additional service and who had commented on the inadequacy of existing service. The testimony of Mr. Wilson established that he personally has had difficulty obtaining prompt and reliable taxi service and named the plaintiffs company in particular. The hearing officer made a determination that the applicant was fit and willing to perform the proposed services and based on Mr. Bedrossian's testimony, found that E F was prepared to respond to customer requests. See, Report and Order, pp. 2-3. Unlike Capaldo, wherein the applicant was misinformed as to the present needs of the public, customers were accommodated within fifteen minutes and no substantial complaints had been made by any of the witnesses or members of the general public to the taxicab company or the administrator, in this case, specific complaints were made regarding the plaintiff's service, and evidence was presented that on several occasions the plaintiff was unresponsive and unreliable. See, Transcript of May 2, 1991, pp. 12-13; 43 A.2d at 697. The correct test having been applied and the appellant having failed to satisfy this Court that any evidence was either overlooked or misconceived, the decision and order must stand. Yellow Cab, 210 A.2d at 131.
After a review of the entire record, this Court finds that the decision of the Commission granting a certificate of public convenience and necessity for one taxicab to E F Transportation is supported by competent and substantial evidence of record, does not constitute an abuse of discretion, and is neither arbitrary nor capricious. Substantial rights of the appellant have not been prejudiced. The decision of the hearing officer is therefore affirmed.
Counsel shall submit the appropriate judgment for entry in accordance with this decision.
[1] The defendants sought authority to operate from, to or between the following areas: Providence, Providence County, Warwick, T. F. Greene Airport, Quonset and Kent County. See,
Application for Motor Carrier Certificate or Permit, March 1991. The plaintiff specifically objected to the expansion of service into the Providence County area.